RICK LAWTON, ESQ.
NV STATE BAR #  00694
LAW OFFICE RICK LAWTON ESQ. PC
5435 Reno Highway, Fallon, NV 89406
Tel: (775) 867-5599
Fax: (775) 867-2559

Counsel for Plaintiff

1                        **UNITED STATES DISTRICT COURT**

2                             **DISTRICT OF NEVADA**

| | |
|---|---|
| MARK L. MAUSERT and VERONIKA LUCIE ZDENKOVA,<br>                  Husband and Wife,<br><br>        Plaintiffs,<br>vs.<br><br>CALIFORNIA RECONVEYANCE COMPANY; ACS IMAGE SOLUTIONS; SPL INC - LA; JP MORGAN CHASE BANK, NA; DEPOSIT INSURANCE CORPORATION; STEWART TITLE OF NORTHERN NEVADA; CTX MORTGAGE COMPANY, LLC; CHRISTA STEELE, individually; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, [Partnerships,<br><br>or anyone claiming any interest to the property described in the action,<br><br>        *Defendants.* | **Case # 3:10-cv-00052-RCJ-VPC**<br><br>**<u>MOTION FOR LEAVE<br>TO FILE THIRD AMENDED<br>COMPLAINT<br>(proposed Amended Complaint attached)</u>** |

3
4       COMES NOW the Plaintiff(s), above-named by and through their attorney,

1

RICK LAWTON, Esquire of the Law Office of Rick Lawton Esquire, Prof. Corp., a Nevada Professional Corporation, and hereby respectfully **MOVES THIS COURT** for an order allow the filing of the "third amended" complaint [Exhibit 1] to be filed.

The points and authorities that follows and any arguments before the Court in this matter.

DATED: This 11th day of July, 2010.

```
               /S/  RICK LAWTON
               RICK LAWTON ESQ.
               Attorney for Plaintiffs
```

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

1. Plaintiff initially filed the complaint in the State District Court in and for their respective County, State of Nevada.

2. Defendants' in each case immediately filed a petition and removed the case to the United States District Court for Nevada.

3. Plaintiff then each file a motion to remand to State Court and prior to a ruling on the motion, a "Tag-Along" motion was filed and the cases were each transferred to MDL, as noted above.

4. On the 4th of April 2010 Plaintiff filed a renewed motion to remand each case to the State Court in and for the State of Nevada, representing that the Plaintiffs did not intend to pursue and Federal Law violation, or ask for any

1. determination of any Federal Question.

1. On April 12, 2010 Judge Teilborg, denying the motion without prejudice, indicating:

> "…Before this Court is the Renewed Motion to Remand to the Judicial District Court in and for the State of Nevada County of Origin (Doc. #253) brought by the Plaintiffs in nineteen member cases' of this Multidistrict Litigation. Plaintiffs seek to remand these cases for lack of subject matter jurisdiction despite the fact that the complaints contain reference to federal law violations such as the Truth in Lending Act. To accomplish this feat, the motion purports to "withdraw" these federal claims and then, alleging that there is an insufficient amount in controversy to sustain diversity jurisdiction, moves for remand. This proposed withdrawal is an effort to amend the
> Accordingly,
> **IT IS ORDERED** that the Motion to Remand (Doc. # 253) is **DENIED WITHOUT PREJUDICE.**

5. This motion is in response to the order denying the renewed motion and is filed contemporaneously with an identical request filed in the United States District Court in and for the State of Nevada.

6. On April 16, 2010, Judge Reed, in the United States District Court for the District of Nevda (3:10-cv-00042-ECR-VPC) indicated:

> "…Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Courts have denied a claim of fraudulent joinder when there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant. See Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.").
> Defendants argue, inter alia, that Plaintiffs' allegations with respect to Ticor are too vague. Plaintiffs allege that Ticor took part in a conspiracy to deprive Plaintiffs of their property by participating in the MERS system. Ticor is the named trustee on Plaintiffs' deed of trust. Thus, even if the claims are somewhat vague, it cannot be said that there is no possibility that Plaintiffs could establish a cause of action against

    Ticor. Merely showing that an action is likely to be dismissed as against the purported "sham" defendant does not demonstrate fraudulent joinder. See <u>Bertrand v. Aventis Pasteur Labs., Inc.,</u> 226 F. Supp. 2d 1206, 1213 (D. Ariz. 2002); see also <u>Plute v. Roadway Package Sys., Inc.,</u> 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) ("All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand.")

7. On March 4, 2010, Judge Hicks, in the United States District Court in and for the State of Nevada (3:09-cv-0747-LRH-RAM), indicated:

   "…The Abeytas' complaint alleges four causes of action: (1) quiet title; (2) violation of Nevada's Fair Debt Collection Practice Act; (2) violation of Nevada's Unfair and Deceptive Trade Practices Act; and (4) breach of good faith and fair dealing. Doc. #1, Exhibit 1. Based on the face of the complaint, the Abeytas allege only state law claims insufficient to grant federal question jurisdiction. However, defendants argue that removal is proper because the Abeytas' claims are rooted in federal law thereby establishing federal question jurisdiction. *See Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U. S 308, 312 (2005) (federal question jurisdiction will lie over state law claims that implicate significant federal issues). Specifically, defendants argue that both the Nevada Fair Debt Collection Practices Act claim and the Nevada Unfair and Deceptive Trade Practices Act claim require the interpretation of federal law.$^2$ Therefore, defendants contend the court may exercise federal question jurisdiction.

   However, contrary to defendants' position, these acts define state claims that are separate from, and have distinct legal precedents different than, their federal counterparts. Although federal regulations are expressly noted in the Nevada statutes, the references to federal acts only provides a framework for determining the types of claims that can be brought under the state statutes. The fact that a violation of federal law may be a predicate for the violation of state law does not automatically elevate the state claim to a claim requiring "resolution of a substantial question of federal law" sufficient to establish jurisdiction. *Franchise Tax Bd. of Cal*, 463 U.S. at 13. Further, the Nevada courts have interpreted these statutes without implicating federal issues. *See e.g., State ex rel. List v. AAA Auto Leasing & Rental*, 93 Nev. 483 (Nev. 1977) (enforcing NRS 598);…

8. Finally, regarding diversity it is noted in Incopero v. Farmers Ins. Exchange 113 F.R.D. 28, 7 Fed.R.Serv.3d 976 (D.Nev.,1986.):

4

"…Thus, all of the defendants, including the fictitiously named ones, allegedly had some hand in the acts which allegedly resulted in the plaintiff's loss, according to the complaint. Although the Does in this case are not identified with the specificity which a Code pleading state would require, that is not required to prevent federal subject matter jurisdiction here, as reasonable indication is given of their identity and relationship to the cause of action. Therefore, the presence of the **Doe defendants in this action destroys diversity, and removal is not proper.** If, at some point, all of the fictitious defendants in the case are dismissed, or if they are named and are also found to be diverse from plaintiff, this case would become removable under 28 U.S.C. § 1446(b). At the present juncture, however, the case is not removable…."

## II.

## LEGAL AUTHORITY

Federal Rule of Civil Procedure, Rule 15, reads, in part as follows:

"Rule 15. Amended and Supplemental Pleadings

(a) Amendments Before Trial.

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
   (A) 21 days after serving it, or
   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
(3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later…."

1  Direction of rule of civil procedure that leave to amend shall be freely given
2  when justice so requires is to be liberally construed. <u>U.S. v. Keystone Sanitation</u>
3  <u>Co., Inc., M.D.Pa.1995, 903 F.Supp. 803</u>. <u>Federal Civil Procedure</u>
4
5  Plaintiff has made it clear in all filing of the intent to seek State Remedies.
6  Initially, Plaintiff noted that only "casual reference" were made. This argument was
7  not persuasive as to one Judge. (Judge Hicks Nevada). Plaintiff understanding that
8  the strong policy reflected in <u>Rule 15(a)</u> to "**facilitate a proper disposition on the**
9  **merits**." <u>Conley vs Gibson, 355 U.S. at 48, 78 S.Ct. at 103</u>. The amended complaint
10 focuses on specific acts of each defendants, and specific causes of action.
11     "(T)he Supreme Court has instructed the lower federal courts to heed
12 carefully the command of <u>Rule 15(a), F.R.Civ.P</u>., by **freely granting leave to**
13 **amend when justice so requires**." <u>Howey v. United States, 481 F.2d 1187, 1190</u>
14 <u>(9th Cir. 1973)</u> (citing <u>Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222</u>
15 <u>(1962)</u>). "The purpose of pleadings is 'to facilitate a proper disposition on the merits'
16 " <u>Howey, 481 F.2d at 1190</u> (quoting <u>Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99,</u>
17 <u>103, 2 L.Ed.2d 80 (1957)</u>). The propriety of a motion for leave to amend is generally
18 determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility
19 of amendment; and (4) prejudice to the opposing party. <u>Howey, 481 F.2d at 1190</u>.
20     The amended complaint comes in light of numerous attempt to dismiss the
21 action in the Federal Setting before the motion remand is heard or ruled upon. The
22 amended complaint is not to delay, but to enhance the claims and identify more
23 particularly the defendants and their involvement in the transaction. There is no bad

faith. Plaintiff's initial response when Defendants removed the action was to immediately move for remand, and to withdraw claims raising any federal law violations or federal questions. The amended complaints state sound and claims that should be tried. The amended complaint is does not prejudice the Defendant, but answer may of their claims as to lack of specificity noted in the initial complaint. As noted herein, in referring to the various orders of the Federal Judges in the District of Nevada in granting a remand, the matters should also be heard in State Court.

Not only has the proposed amended complaint eliminated causes of actions that were too generalized and confusing, the amended complaint is a "good faith" effort to bring forth the exact harm, and resulting damages that should be tried on the merits.

This rule governing amendment of pleadings has been liberally construed in the absence of prejudice. <u>Manhattan Fuel Co., Inc. v. New England Petroleum Corp., S.D.N.Y.1976, 422 F.Supp. 797</u>, adhered to <u>439 F.Supp. 959</u>, affirmed <u>578 F.2d 1368</u>. Federal Civil Procedure

This rule as to amendments is applied liberally when justice so requires. <u>Jacks v. Torrington Co., D.C.S.C.1966, 256 F.Supp. 282</u>. See, also, <u>Bouas v. Sociedad Maritima San Nicholas, S.A., D.C.N.Y.1965, 252 F.Supp. 286</u>, certiorari denied 86 S.Ct. 646, 382 U.S. 1025, 15 L.Ed.2d 59. Federal Civil Procedure

This rule permitting amendments to pleadings must be liberally construed to give effect to its intent to prevent defeat of justice through mere mistake as to

parties or form of action. Wagner v. New York, O. & W. Ry., M.D.Pa.1956, 146 F.Supp. 926. Federal Civil Procedure

The mandate of this rule that leave to amend shall be freely given when justice so requires is liberally applied. Walder v. Paramount Publix Corp., S.D.N.Y.1955, 135 F.Supp. 228. Federal Civil Procedure

Provision of this rule allowing amendment of pleading only by leave of court or written consent after a responsive pleading is served is given a liberal reading and amendments are generally permitted absent some justification for a refusal. Hess v. Gray, N.D.Ill.1979, 85 F.R.D. 15. Federal Civil Procedure.

### III.

### ARGUMENT

In addition to expressing the position that all Federal Law Violations and/or Federal Questions are withdrawn in the pleading, Plaintiff has determined that additional matters have be discovered and thus new claims and parties are presented.

The pleading is to:

(1) Mandate that No Federal Law or Federal Question is raised or sought'

(2) Present the complaint to specifies the specific conduct of each of the defendants either jointly or individually;

(3) Streamline the explanation regarding the general conduct relating to "predatory lending scheme.

1. (4) ADDED ADDITIONAL DEFENDANT, also Nevada Residence, OR resident Corporations.

2. (5) The pleading is not to delay.

DATED: This 11th day of July, 2010.

## AFFIRMATION

**That the undersigned affirms that this document does not contain the social security number of any person.**

        ___/S/ RICK LAWTON_____
        RICK LAWTON ESQ.
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on 10th day of July, 2010 I electronically filed the foregoing **MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (proposed amended complaint attached)** using the CM/ECF or EFLEX system which will send a notice of electronic filing to all parties as listed on the Notice of Electronic Filing.

        __/s/ Lavinia Johnson_____
        Lavinia Johnston

1

2     INDEX TO EXHIBITS

3

4   1,   Proposed First Amended Complaint            41 pgs

5
6